SAN ANGELO TELEPHONE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8265.   Promulgated April 30, 1927.

The Board will not pass on whether one feature which might enter into petitioner's computation of depreciation has been incorrectly determined by the Commissioner when full information is not available to show whether the depreciation as allowed or claimed is reasonable.

*Alfred L. Geiger, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the respondent.

This proceeding is for the redetermination of a deficiency of $2,400.63 for the calendar year 1920.

The error alleged by the petitioner is that the Commissioner refused to allow the restoration, for depreciation purposes, of $78,371.06, which represented cost of capital assets shown by its books in 1913, but which had been erroneously written off in that year.

### FINDINGS OF FACT.

The petitioner is a corporation organized under the laws of Texas with its principal office at San Angelo, and is a continuation of a business which was begun prior to 1905.

Effective January 1, 1913, the Interstate Commerce Commission established a uniform system of accounts for telephone companies.

At this time, the petitioner's books of account showed a total in its Construction Account of $239,126.37, which was made up of various amounts, beginning with an estimated figure of $75,000 in 1905 and being increased from time to time by charges to this account. In complying with the order of the Commission the auditor of the petitioner computed what he considered the accrued depreciation to 1913 by the use of a 7 per cent rate which he applied by the reducing-balance method to the Construction Account. In setting up the new system of accounts, the auditor deducted the accrued depreciation which he had determined—$78,371.06—from the total construction account, leaving a balance of $160,755.31, which amount was used in setting up the balance sheet of the petitioner as of December 31, 1913.

### OPINION.

LITTLETON: The petitioner seeks to have $78,371.06 restored to the fixed asset account for depreciation purposes on the ground that the reduction by the auditor was an accounting error and that it should be allowed to use what its books purport to show as the cost of its depreciable assets as a basis for computing depreciation at the rate allowed by the Commissioner.

No provision is made in the Revenue Act of 1918 for a particular method of computing depreciation, the statute merely stating:

SEC. 234. (a) That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

*      *      *      *      *      *      *

(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence.

The proper allowance for such exhaustion, wear and tear is stated in article 161, Regulations 69 as follows (applicable to the years on appeal since the Revenue Act of 1918 is identical with the Revenue Act of 1926 on this point) :

A reasonable allowance for the exhaustion, wear and tear, and obsolescence of property used in the trade or business may be deducted from gross income. For convenience such an allowance will usually be referred to as depreciation, excluding from the term any idea of a mere reduction in market value not resulting from exhaustion, wear and tear, or obsolescence. The proper allowance for such depreciation of any property used in the trade or business is that amount which should be set aside for the taxable year in accordance with a reasonably consistent plan (not necessarily at a uniform rate), whereby the aggregate of the amounts so set aside, plus the salvage value, will, at the end of the useful life of the property in the business, equal the basis of the property determined in accordance with section 204 and articles 1591–1603. Due regard must also be given to expenditures for current upkeep.

The above instructions seem to us sound and as showing that no particular method need be followed to arrive at the proper deduction under this provision of the statute. It is only necessary that the allowance as deducted be "reasonable."

We are not asked by the petitioner to say that the depreciation as allowed by the Commissioner is not reasonable, but rather to permit the correction of one of the factors which enters into its method of computing the allowance. In other words, the petitioner has apparently followed the plan of computing depreciation at the rate of 7 per cent and now says that, because of the deduction made from its fixed asset account on account of accrued depreciation when it adopted the uniform system of accounts as prescribed by the Interstate Commerce Commission, it is thereby being deprived of a part of its cost as a basis for depreciation. Certainly, if 7 per cent is the proper rate for its depreciation on cost, and if $239,126.37 as shown in its Construction Account represents the cost of depreciable assets which are on hand and in use, depreciation computed at the same rate on the latter amount after it had been reduced by accrued depreciation for eight years would not give the correct result.

There is no evidence before the Board to the effect that 7 per cent when applied to cost would result in a reasonable allowance for depreciation, the only evidence being that 7 per cent was applied to a certain asset account, which the Commissioner does not concede as

representing cost. And even if 7 per cent is the correct rate on a cost basis, the evidence is far from conclusive that the Construction Account represents cost of depreciable assets. We notice particularly that the first charge to this account is $75,000, which is an estimated figure set up on the books after the business had been in operation several years.

When the Board is without information as to what is the correct rate of depreciation, based on the useful life of the assets, and what is the cost and date of acquisition of the depreciable assets on hand and in use, or of the March 1, 1913, value, it is not in a position to say that the deduction allowed by the Commissioner for exhaustion, wear and tear is incorrect. These and other important features would necessarily enter into the determination of a reasonable allowance under section 234(a)(7) of the statute, and since we are without them we are unable to determine what amount constitutes a reasonable allowance for depreciation.

*Judgment will be entered for the respondent.*