Eugene and Lucille E. Jewett v. Commissioner.
Jewett v. Commissioner
Docket No. 2235-64.
United States Tax Court
T.C. Memo 1965-295; 1965 Tax Ct. Memo LEXIS 34; 24 T.C.M. (CCH) 1638; T.C.M. (RIA) 65295; November 8, 1965
Eugene Jewett, pro se, 10406 Parkgate Ave., Cleveland, Ohio. Alan E. Cobb, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined the following deficiencies in income taxes and additions to tax against the petitioners: Additions to Tax
Taxable
Section 6653(a)
Year
Deficiency
I.R.C. 1954
1960
$752.26
$51.72
1961
800.98
41.12
Some issues have been settled by the parties in their stipulation of facts. In addition, petitioner has conceded in his reply brief that he is not entitled to a casualty loss in 1960 and to a deduction of $22.50 for dues paid in 1961 to the Eastern Star Lodge. These items will be given effect in the Rule 50 computation. Three *35 issues remain for decision: (1) Whether the petitioners are entitled to charitable contributions of $117.10 in 1960 and $210 in 1961 for payments made to the Central State Alumni Association; (2) the amount of the loss sustained by petitioners in the operation of Gene's Grill in 1961; and (3) whether the petitioners are liable for the additions to tax under section 6653(a) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are so found. Eugene and Lucille E. Jewett are husband and wife, residing at 10406 Parkgate Avenue, Cleveland, Ohio. They filed their joint Federal income tax returns for the taxable years 1960 and 1961 with the district director of internal revenue, Cleveland, Ohio. Some time prior to the years in issue, petitioner attended Central State College, a liberal arts college in Wilberforce, Ohio. During the years 1960 and 1961 he was regional vice president of the General Alumni Association of Central State College. In 1960 petitioner paid $10 in annual dues to the Central State Alumni Association and $35 on a life membership in that Association. In 1961 he again paid his annual $10 dues to *36 the Alumni Association and the remaining $65 cost of the life membership. Petitioner also paid an additional $72.10 in 1960 and $135 in 1961 to the Alumni Association which went into the treasury of the Cleveland chapter of the Association. During the years in issue, petitioner operated a restaurant at 8816 Wade Park Avenue in Cleveland known as "Gene's Grill." In addition to serving meals, petitioner sold frozen custard ice cream. The ice cream was dispensed from a used machine that petitioner purchased in 1960 for $900. In June 1961, petitioner traded this machine in on a new one, the market price of which was $3,300. Petitioner acquired the new machine for $2,000 plus the old machine, which had an adjusted basis on the date of sale of $550. Petitioner claimed "other business expenses" of $1,988.27 on line 24 of Schedule C of his 1961 income tax return, and an exact amount of "other costs" on line 6 of the same schedule for 1961. The return requires an explanation on Schedule C-2 of the amounts shown on both lines 6 and 24 of Schedule C. Schedule C-2 of petitioner's 1961 income tax return contains an explanation of items totaling only $1,988.27. Petitioner attended Cleveland *37 Marshall Law School after he left Central State College. Thereafter, he prepared income tax returns for profit. During 1960 and 1961 he was engaged in such business. Opinion Issue 1 Section 170 of the Internal Revenue Code of 1954 allows a deduction for charitable contributions paid during the taxable year to certain qualified organizations defined in subsection (c) thereof. The burden of proof is upon the petitioner to establish that the contributions here involved were improperly disallowed by respondent and that they were paid to an organization qualified under section 170(c). Bradford v. Commissioner, - F. 2d - (C.A. 2, 1965), affirming a Memorandum Opinion of this Court. Petitioner has failed to introduce any evidence to show that the amounts paid to the Central State Alumni Association as dues and for a life membership were "contributions" rather than payments made for a quid pro quo. See Rev. Rul. 54-565, 1954-2 C.B. 95. There is likewise no proof that the amounts paid to the Central State Alumni Association were contributions to an organization "organized and operated exclusively for * * * scientific, literary, or educational purposes. *38 " See Estate of Philip R. Thayer, 24 T.C. 384 (1955). Accordingly, we hold that the petitioner is not entitled to the deductions claimed for payments made to the Central State Alumni Association. Issue 2 Petitioner claimed a loss of $3,105.49 in 1961 from the operation of his restaurant, Gene's Grill. Respondent disallowed the loss for lack of substantiation. The parties have stipulated that $250.22 of the loss claimed is allowable, $200 is not allowable because of a mathematical error, and that the balance of $2,655.27 remains in dispute because of respondent's determination that "other business expenses" of $1,988.27 are not deductible for lack of substantiation and that depreciation is overstated in the amount $667of. Petitioner claimed deductions in 1961 for "other costs" of $1,988.27 and "other business expenses" of an identical amount. The deduction claimed for "other business expenses" was disallowed by respondent on the ground that it was merely a duplication claimed as "other costs." The petitioner had ample opportunity to substantiate the deductions for "other business expenses," but at the trial he made no attempt to show how he arrived at this deduction. *39 The only evidence he offered was his own self-serving statement that the deduction represented the expenses of "the custard business." If this were true, he could have introduced these expenses in evidence. We also bear heavily against the petitioner for his failure to breakdown these expenses on Schedule C-2 of his 1961 income tax return as he was required to do. Since he failed to substantiate this figure in the return or at the trial, we conclude that he is unable to do so. Income tax deductions are a matter of legislative grace and the burden of proving the right to a claimed deduction is on the taxpayer. Interstate Transit Lines v. Commissioner, 319 U.S. 590 (1943). The petitioner has completely failed to establish his claimed deduction of $1,988.27 for "other business expenses." For the taxable year 1961 the petitioner claimed a deduction for depreciation of $2,272.50 on assets used in his restaurant. Here again he has the burden of establishing what is a reasonable allowance for depreciation. The only evidence offered by petitioner was his testimony that respondent's determination was "unrealistic." He followed this characterization with a rambling statement *40 about the various depreciable assets used in his restaurant, but he failed to provide us with sufficient information to determine what the basis of his objections were, and no evidence as to the incorrectness of the respondent's determination. See San Angelo Telephone Co., 6 B.T.A. 1189, 1191 (1927). Therefore, we sustain respondent on this issue. Petitioner is not entitled to the additional depreciation claimed. Issue 3 Petitioner attended college and law school. Since he prepares income tax returns for profit and was in the business of doing so in 1960 and 1961, "it may reasonably be assumed that he not only was familiar with books of account, but also aware of his duties and obligations under the income tax laws and regulations, to keep permanent books of account, but also aware of his duties and obligations under the income tax laws and regulations, to keep permanent books of account or records, and to carefully prepare income tax returns which would clearly set forth the data therein called for * * *." Rudolf A. Zivnuska, 33 T.C. 226, 240 (1959). This he did not do. During the trial the petitioner alluded to his books and records without ever introducing *41 them. Consequently, he failed to support even his own testimony. We held the record open for a few days so that the petitioner might have an opportunity to put these books and records in evidence, but when trial was resumed he indicated his inability or unwillingness to do so by failing to produce them. *
In our opinion the petitioner has failed to prove that additions to tax for negligence were imposed by respondent in error. J. T. S. Brown's Son Co., 10 T.C. 840 (1948). Accordingly, we hold for respondent on this issue. To reflect the agreement of the parties on some issues, the petitioner's concessions, and our conclusions herein with respect to the disputed issues. Decision will be entered under Rule 50. Footnotes
*. MR. JEWETT: * * * It is an omission on my part for not bringing the records down here, because I had a warning, more or less, in the back of my mind that those records should be submitted to the Court for observation, and it was just not obeying that warning that I am caught in this predicament.↩